UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ELDINA ELEZOVIC, ZEHRA ELEZOVIC, ANISSA LAUW, LILIANA LEAHY, EMILY PHILLIPS, and DISHA SMITH<br>    Plaintiffs,<br>v.<br>CHALAK-CARROLL BUFORD, LLC, d/b/a GENGHIS GRILL<br>    Defendant. | Civil Action No: |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiffs, Eldina Elezovic, Zehra Elezovic, Anissa Lauw, Liliana Leahy, Emily Phillips, and Disha Smith, by and through their undersigned counsel of record, and set forth this Complaint for Damages against the above-named Defendant. CHALAK-CARROLL BUFORD, LLC d/b/a GHENGIS GRILL (hereinafter ""Defendant" or "Defendant Employer") is a domestic limited liability corporation doing business in the state of Georgia. Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1. This action is for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (hereinafter the "FLSA"). Plaintiff seeks declaratory and injunctive relief, compensatory damages, and attorney's fees and costs.

### VENUE

2. All parties to this action reside or are located within the boundaries of this judicial district, and venue is proper pursuant to, inter alia, 28 U.S.C. § 1391(b)(2) as the unlawful acts complained of herein occurred within the geographic boundaries of this Court.

## PARTIES

3. This Court has personal jurisdiction over Defendant Employer.

4. Defendant Employer may be served by delivering a copy of the summons and complaint to its registered agent to wit: Corporate Creations Network, Inc. 2985 Gordy Parkway, 1st Floor, Cobb County, Marietta, Georgia 30066.

5. Defendant Genghis Grill is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d) as it is an entity which acted directly and indirectly in the interest of an employer, in relation to Plaintiffs, its employees, and controlled the terms and conditions of Plaintiff's employment on a day-to-day basis.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Defendant Employer owns and operates "Genghis Grill" in Buford, Georgia.

7. This action involves claims of violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq, as amended, based upon Defendant's failure to compensate Plaintiff for actual hours worked, failure to properly collect and record data, its failure to pay its employees minimum wage at the required rate of $7.25 an hour, and its failure to include only tipped employees in the tip pool resulting in unlawful tip sharing.

8. At all times relevant hereto, Plaintiffs were employees of Defendant Employer and Defendant Employer engaged in an industry affecting commerce at all times relevant to this action.

9. Defendant Employer is an enterprise engaged in commerce as it was and, upon information and belief, is, engaged in a business which gainfully employs employees engaged in

services and the supply of goods that have been moved or produced for commerce by any person.

10. Upon information and belief, Defendant Employer is an enterprise whose annual gross volume of sales made or business done is not less than Five Hundred Thousand ($500,000.00) (exclusive of excise taxes at retail level that are separately stated).

11. Upon information and belief, Defendant Employer is individually engaged in interstate commerce, producing services through interstate commerce, or an activity that is closely related and directly essential to such services.

12. Plaintiffs were not subject to any exemption under the FLSA.

13. Plaintiffs were regularly required to work during their lunch breaks even though they were required to clock out.

14. Plaintiffs are required to contribute to a tip pool.

15. Defendant Employer utilizes an Aloha Point of Sale system to track and record employee hours.

16. Defendant Employer assigns each employee a PIN for clocking in and out.

17. Defendant Employer does not allow employees to clock in without a manager's key card any earlier than 1 minute before the start of their scheduled shift and any later than 5 minutes after the start of their scheduled shift.

18. Defendant Employer regularly requires employees to come to work at certain scheduled times but does not allow them to clock in until they have a table to wait on, thus requiring them to work "off the clock."

19. Defendant Employer failed to keep an accurate record of the hours worked by Plaintiffs.

20. Defendant Employer's tip pool includes employees who do not customarily and regularly receive tips.

### Eldina Elezovic

21. Eldina Elezovic began employment with Defendant Employer on September 15, 2010.

22. Plaintiff has worked as a server at a rate of $2.13 per hour since September 15, 2010.

23. Plaintiff worked as a host at a rate of $6.50 per hour, plus tips, at intermittent periods of time from September 15, 2010 until April of 2013.

24. Plaintiff was required to share tips with employees who do not customarily and regularly receive tips.

25. Plaintiff regularly had to work "off the clock" as she waited for a table to wait on.

26. Plaintiff was required to work during her break and lunch hour without compensation.

27. Plaintiffs paycheck regularly did not reflect the actual amount of hours worked.

### Zehra Elezovic

28. Zehra Elezovic began employment with Defendant Employer on June 3, 2015.

29. Plaintiff worked as a trainee at a rate of $7.25 per hour from June 3, 2015 until August of 2015.

30. Plaintiff has worked as a host at a rate of $4.75 per hour since June of 2015.

31. Plaintiff regularly had to work "off the clock" as she completed "side work".

32. Plaintiffs paycheck regularly did not reflect the actual amount of hours worked.

### Anissa Lauw

33. Anissa Lauw began employment with Defendant Employer on September 3, 2013.

34. Plaintiff has worked as a server at a rate of $2.13 per hour since September 3, 2013.

35. Plaintiff worked as an assistant manager at a rate of $12.00 per hour from March of 2014 until January of 2015.

36. Plaintiff worked as a manager at a rate of $11.00 per hour from January of 2015 until August of 2015.

37. Plaintiff has worked as a manager at a rate of $12.50 per hour since August of 2015.

38. Plaintiff was required to share tips with employees who do not customarily and regularly receive tips.

39. Plaintiff regularly had to work "off the clock" as she waited for a table to wait on.

40. Plaintiff was required to work during her break and lunch hour without compensation.

41. Plaintiffs paycheck regularly did not reflect the actual amount of hours worked.

### Liliana Leahy

42. Liliana Leahy began employment with Defendant Employer on December 15, 2010.

43. Plaintiff has worked as a server at a rate of $2.13 per hour since December 15, 2010.

44. Plaintiff worked as a host at a rate of $6.50 per hour, plus tips, from January of 2012 until February of 2012.

45. Plaintiff worked as a manager at a rate of $10.00 per hour in September of 2013.

46. Plaintiff worked as a manager at a rate of $12.00 per hour at intermittent periods of time from October of 2013 until September of 2014.

47. Plaintiff was required to share tips with employees who do not customarily and regularly receive tips.

48. Plaintiff regularly had to work "off the clock" as she waited for a table to wait on.

49. Plaintiff was required to work during her break and lunch hour without compensation.

50. Plaintiffs paycheck regularly did not reflect the actual amount of hours worked.

## Emily Phillips

51. Emily Phillips began employment with Defendant Employer on August 6, 2012.

52. Plaintiff worked as a host at a rate of $6.50 per hour, plus tips, from August 6, 2012 until November of 2013.

53. Plaintiff worked as a host at a rate of $4.75 per hour, plus tips, at intermittent periods of time from November of 2013 until October of 2014.

54. Plaintiff has worked as a server at a rate of $2.13 per hour since October of 2014.

55. Plaintiff was required to share tips with employees who do not customarily and regularly receive tips.

56. Plaintiff regularly had to work "off the clock" as she waited for a table to wait on.

57. Plaintiff was required to work during her break and lunch hour with compensation.

58. Plaintiffs paycheck regularly did not reflect the actual amount of hours worked.

## Disha Smith

59. Disha Smith began employment with Defendant Employer in October 28, 2013

60. Plaintiff worked as a server at a rate of $2.13 per hour from October 28, 2013 until December of 2015.

61. Plaintiff was required to share tips with employees who do not customarily and regularly receive tips.

62. Plaintiff regularly had to work "off the clock" as she waited for a table to wait on.

63. Plaintiff was required to work during her break and lunch hour with compensation.

64. Plaintiffs paycheck regularly did not reflect the actual amount of hours worked.

## COUNT ONE: VIOLATIONS OF 29 U.S.C. § 211 AND § 516: COLLECTION OF DATA AND RECORDS TO BE KEPT BY EMPLOYERS

65. The previous paragraphs are re-alleged by the Plaintiffs as if fully set forth herein.

### Eldina Elezovic

66. Plaintiff was regularly required to clock out and work through her lunch break.

67. Plaintiff was regularly not allowed to clock in until a customer arrived despite working her scheduled hours.

68. Plaintiff regularly worked "off the clock" for extended periods of time, awaiting a manager's key card to be able to clock in.

69. Defendant Employer did not adjust for and record the hours Plaintiff worked "off the clock."

70. Defendant Employer has violated 29 U.S.C. § 516 and the FLSA by failing to maintain records of the hours Plaintiff worked each workday and total hours worked each workweek.

### Zehra Elezovic

71. Plaintiff regularly worked "off the clock" as she completed her "side work".

72. Defendant Employer did not adjust for and record the hours Plaintiff worked "off the clock."

73. Defendant Employer has violated 29 U.S.C. § 516 and the FLSA by failing to maintain records of the hours Plaintiff worked each workday and total hours worked each workweek.

### Anissa Lauw

74. Plaintiff was regularly required to clock out and work through her lunch break.

75. Plaintiff was regularly not allowed to clock in until a customer arrived despite working her scheduled hours.

76. Plaintiff regularly worked "off the clock" for extended periods of time, awaiting a manager's key card to be able to clock in.

77. Defendant Employer did not adjust for and record the hours Plaintiff worked "off the clock."

78. Defendant Employer has violated the FLSA by failing to maintain records of the hours Plaintiff worked.

79. Defendant Employer has violated 29 U.S.C. § 516 by failing to maintain records of the hours Plaintiff worked each workday and total hours worked each workweek.

**Liliana Leahy**

80. Plaintiff was regularly required to clock out and work through her lunch break.

81. Plaintiff was regularly not allowed to clock in until a customer arrived despite working her scheduled hours.

82. Plaintiff regularly worked "off the clock" for extended periods of time, awaiting a manager's key card to be able to clock in.

83. Defendant Employer did not adjust for and record the hours Plaintiff worked "off the clock."

84. Defendant Employer has violated 29 U.S.C. § 516 and the FLSA by failing to maintain records of the hours Plaintiff worked each workday and total hours worked each workweek.

### Emily Phillips

85. Plaintiff was regularly required to clock out and work through her lunch break.

86. Plaintiff was regularly not allowed to clock in until a customer arrived despite working her scheduled hours.

87. Plaintiff regularly worked "off the clock" for extended periods of time, awaiting a manager's key card to be able to clock in.

88. Defendant Employer did not adjust for and record the hours Plaintiff worked "off the clock."

89. Defendant Employer has violated 29 U.S.C. § 516 and the FLSA by failing to maintain records of the hours Plaintiff worked each workday and total hours worked each workweek.

### Disha Smith

90. Plaintiff was regularly required to clock out and work through her lunch break.

91. Plaintiff was regularly not allowed to clock in until a customer arrived despite working her scheduled hours.

92. Plaintiff regularly worked "off the clock" for extended periods of time, awaiting a manager's key card to be able to clock in.

93. Defendant Employer did not adjust for and record the hours Plaintiff worked "off the clock."

94. Defendant Employer has violated 29 U.S.C. § 516 and the FLSA by failing to maintain records of the hours Plaintiff worked each workday and total hours worked each workweek.

## COUNT TWO: VIOLATION OF 29 U.S.C. § 206: MINIMUM WAGE

95. The previous paragraphs are re-alleged by the Plaintiffs as if fully set forth herein.

96. Plaintiffs were entitled to payment of minimum wage for all hours worked less than 40 hours per week.

97. Plaintiff were not exempt from the minimum wage requirement of the FLSA.

98. Defendant Employer has violated the FLSA by not paying the required minimum wage to Plaintiffs.

## COUNT THREE: VIOLATION OF 29 U.S.C. § 203

99. The previous paragraphs are re-alleged by the Plaintiffs as if fully set forth herein.

100. Plaintiffs are required to contribute to a tip pool.

101. Defendant Employer's tip pool includes employees who do not customarily and regularly receive tips.

102. Defendant Employer has violated the FLSA by including non-tipped employees in the tip pool.

103. Defendant Employer's willful failure to comply with FLSA's record-keeping, minimum wage, and tip credit/pool requirements gives rise to a claim for relief by Plaintiffs in the amount of their unpaid minimum wages, as the case may be, and in an additional equal amount as liquidated damages, reasonable attorney's fees, compensatory and punitive damages, and costs of bringing this action.

WHEREFORE, Plaintiffs demand for the following relief:

a) that Summons issue;

b) that Defendant Employer be served with Summons and Complaint;

c) that judgment be issued against Defendant Employer for any and all general, special, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

d) or injunctive relief;

e) for all costs of this action to be taxed against Defendant Employer;

f) for all costs and attorney's fees to be awarded to Plaintiff; and

g) for any and all other further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted this  19th day of February, 2016.

          s/Jonathan P. Sexton
          Georgia Bar No. 636486
          Attorney for Plaintiffs

JONATHAN P. SEXTON, P.C.
505 Corporate Center Drive
Suite 104
Stockbridge, GA 30281
Telephone: (770) 474-9335
Email: jsexton@sextonlawfirm.com

          /s/Aleksandra H. Bronsted
          Georgia Bar No. 634245
          Attorney for Plaintiffs

ALEKSANDRA H. BRONSTED P.C.
6065 Lake Forrest Drive
Suite 200
Atlanta, Georgia 30328
Telephone: (770) 451-3818
Email: aleksandra@bronsted.com